IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OTTER PRODUCTS, LLC, a Colorado
Limited Liability Company,

      Plaintiff,

v.

A.G. FINDINGS AND MFG. CO., INC.,
d/b/a BALLISTIC; GRIFFIN
TECHNOLOGY, INC.; HARDCANDY
CASES LLC d/b/a GUMDROP LLC; and
AFC TRIDENT INC.,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, for its Complaint against defendants A.G. Findings and Mfg. Co., Inc., d/b/a Ballistic, Griffin Technology, Hardcandy Cases LLC d/b/a Gumdrop LLC, and AFC Trident, Inc. (collectively, "Defendants"), states as follows:

## PARTIES

1.    Plaintiff OtterBox is a Colorado limited liability company with its

principal place of business in Fort Collins, Colorado.

2.     Upon information and belief, Defendant A.G. Findings and Mfg. Co.,
Inc. is a Florida corporation with a principal place of business at 1133 Sawgrass
Corporate Parkway, Sunrise, Florida 33323.

3.     Upon information and belief, A.G. Findings and Mfg. Co., Inc. does
business as "Ballistic."

4.     Upon information and belief, Defendant Griffin Technology, Inc. is a
Tennessee corporation with a principal place of business at 1930 Air Lane Drive,
Nashville, Tennessee 73210.

5.     Upon information and belief Defendant Hardcandy Cases LLC is a
California limited liability company with a principal place of business at 20
Highland Court, Danville, California 94526.

6.     Upon information and belief, Hardcandy Cases LLC does business as
"Gumdrop LLC," which is a California limited liability company with a principal
place of business at 5752 Hilltop Road, Hidden Hills, California 91302.

7.     Upon information and belief, Defendant AFC Trident Inc. is a
California corporation with a principal place of business at 7661 Coffeeberry
Drive, Corona, California 92880.

## JURISDICTION AND VENUE

8.     This is a civil action for patent infringement arising under the patent
laws of the United States, 35 U.S.C. § 101, *et seq*.

9.     This court has jurisdiction over the subject matter of this action under
28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1338.

10.     Venue and personal jurisdiction are proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because Defendants are individually and separately engaged in the regular, continuous, and systematic transaction of business in this judicial district, including through the distribution, sale and/or offer for sale of the:

a.     **A.G. Findings and Mfg. Co., Inc.:** "Ballistic HC" case for the Apple iPhone 4;

b.     **AFC Trident Inc.**: "Kraken" and "Cyclops" Series cases for the Apple iPhone 4 for AT&T; "Kraken" Series case for Apple iPad; the "Cyclops" Series case for the Apple iPhone 4 for Verizon; the "Kraken" and "Cyclops" Series case for the HTC Evo 4G; the "Cyclops" Series case for the HTC myTouch 4G; the "Kraken" Series case for the HTC Droid Incredible; the "Kraken" and "Cyclops" Series cases for the Motorola Droid X; and the "Cyclops" Series case for the Samsung Vibrant, Samsung Captivate, Samsung Fascinate, Samsung Continuum, and Google Nexus S (collectively, "Trident Cases");

c.     **Griffin Technology, Inc.**: the Griffin Survivor Series case for the Apple iPhone 4; and

d.     **Hardcandy Cases LLC**: the Gumdrop Drop Series case for the Apple iPhone 4 and the Apple iPhone 4 (CDMA); the Drop Series case for the Apple iPad 2; and the Military Edition iPad 2 case (collectively, "Drop Series Cases");

(hereinafter referred to collectively as the "Infringing Products") and have committed acts of patent infringement in this judicial district.

## OTTERBOX'S INTELLECTUAL PROPERTY

11.      On April 26, 2011, United States Patent No. 7,933,122 ("the '122 Patent"), entitled "PROTECTIVE ENCLOSURE FOR A COMPUTER," was duly and legally issued to Curtis R. Richardson, Alan Morine, Brian Thomas, Jamie Lee Johnson, and Jason Michael Thompson.  A true and correct copy of the '122 Patent is attached as **Exhibit A**.

12.      The '122 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

13.      By assignment, OtterBox owns all rights, title, and interests in and to the '122 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,933,122, against A.G. Findings and Mfg. Co., Inc.)

14.      OtterBox incorporates by reference paragraphs 1 through 13 as if set forth in their entirety.

15.      Defendant A.G. Findings and Mfg. Co., Inc. ("Ballistic") is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Ballistic HC case.

16.      Ballistic's activities in making, using, selling, and/or offering to sell in

4

the United States and/or importing into the United States the Ballistic HC case

constitutes direct infringement of the '122 Patent, in violation of 35 U.S.C.

§ 271(a).

17.     Ballistic's infringement of the '122 Patent has caused and will

continue to cause damage to OtterBox in an amount to be determined at trial.

18.     Ballistic's infringement of the '122 Patent has caused and will

continue to cause irreparable injury to OtterBox, for which there exists no adequate

remedy at law.  Ballistic's infringement will continue unless enjoined by this

Court.

19.     On information and belief, Ballistic's actions in infringing the '122

Patent have been, and are, willful, deliberate, and/or in conscious disregard of

OtterBox's rights, making this an exceptional case within the meaning of 35

U.S.C. § 285 and entitling OtterBox to treble damages and the award of its

attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,933,122, against AFC Trident Inc.)**

20.     OtterBox incorporates by reference paragraphs 1 through 19 as if set

forth in their entirety.

21.     Defendant AFC Trident Inc. ("Trident") is making, using, selling,

and/or offering to sell in the United States and/or importing into the United States

the Trident Cases.

22.     Trident's activities in making, using, selling, and/or offering to sell in

the United States and/or importing into the United States the Trident Cases

constitute direct infringement of the '122 Patent, in violation of 35 U.S.C.

§ 271(a).

23.     Trident's infringement of the '122 Patent has caused and will continue

to cause damage to OtterBox in an amount to be determined at trial.

24.     Trident's infringement of the '122 Patent has caused and will continue

to cause irreparable injury to OtterBox, for which there exists no adequate remedy

at law.  Trident's infringement will continue unless enjoined by this Court.

25.     On information and belief, Trident's actions in infringing the '122

Patent have been, and are, willful, deliberate, and/or in conscious disregard of

OtterBox's rights, making this an exceptional case within the meaning of 35

U.S.C. § 285 and entitling OtterBox to treble damages and the award of its

attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. 7,933,122, against Griffin Technology, Inc.)**

26.     OtterBox incorporates by reference paragraphs 1 through 25 as if set

forth in their entirety.

27.     Defendant Griffin Technology, Inc. ("Griffin") is making, using,

selling, and/or offering to sell in the United States and/or importing into the United

States the Ballistic HC case.

28.     Griffin's activities in making, using, selling, and/or offering to sell in

the United States and/or importing into the United States the Survivor Series case

constitutes direct infringement of the '122 Patent, in violation of 35 U.S.C.

§ 271(a).

29.     Griffin's infringement of the '122 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

30.     Griffin's infringement of the '122 Patent has caused and will continue to cause irreparable injury to OtterBox, for which there exists no adequate remedy at law.  Griffin's infringement will continue unless enjoined by this Court.

31.     On information and belief, Griffin's actions in infringing the '122 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## FOURTH CLAIM FOR RELIEF
## (Infringement of U.S. Patent No. 7,933,122, against Hardcandy Cases LLC)

32.     OtterBox incorporates by reference paragraphs 1 through 31 as if set forth in their entirety.

33.     Defendant Hardcandy Cases LLC ("Gumdrop") is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Gumdrop Drop Series case for the Apple iPhone 4 and the Apple iPhone 4 (CDMA).

34.     Gumdrop has offered to sell in the United States the Gumdrop Drop Series case for the Apple iPad 2 and the Military Edition iPad 2 case.

35.     On information and belief, Gumdrop's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Drop Series Cases constitutes direct infringement of the '122 Patent, in

violation of 35 U.S.C. § 271(a).

36.     Gumdrop's infringement of the '122 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

37.     Gumdrop's infringement of the '122 Patent has caused and will continue to cause irreparable injury to OtterBox, for which there exists no adequate remedy at law.  Gumdrop's infringement will continue unless enjoined by this Court.

38.     On information and belief, Gumdrop's actions in infringing the '122 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## DEMAND FOR JURY TRIAL

39.     OtterBox hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims:

A.      For a temporary restraining order, and preliminary and permanent injunctions enjoining and restraining Defendants, and all related entities or persons acting in concert with them, from manufacturing, selling, or offering for sale the Infringing Products, or otherwise infringing upon OtterBox's rights in United States Patent No.

       7,933,122;

B.     For an award of OtterBox's damages as appropriate under the patent laws of the United States, comprising:

     (i)    Lost profits, in an amount to be ascertained at trial;

     (ii)   A reasonably royalty, in an amount to be ascertained at trial;

     (iii)  Treble damages;

C.     For its reasonable attorneys' fees and costs; and

D.     For such other and further relief as the Court deems just and proper.


DATED: April 26, 2011            TURNER BOYD LLP

                      /s/ Karen I. Boyd
                      ***Karen I. Boyd***
                      James W. Beard
                      Rachael Lamkin
                      2570 W. El Camino Real, Suite 380
                      Mountain View, California 94040
                      Email:     boyd@turnerboyd.com
                                  beard@turnerboyd.com
                                  lamkin@turnerboyd.com
                      Telephone:  (650) 521-5930
                      Facsimile:  (650) 521-5931

                      *Attorneys for Otter Products, LLC,*
                      *d/b/a OtterBox*


Plaintiff's address:
Otter Products, LLC
One Old Town Square, Suite 303
Fort Collins, CO   80524